RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE 1/6/11
BY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

HENRY KIMBALL     DOCKET NO. 10-CV-688; SEC. P

VERSUS     JUDGE DEE D. DRELL

CAPTAIN TISER, ET AL.     MAGISTRATE JUDGE JAMES D. KIRK

## REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint (42 U.S.C. §1983) filed by *pro se* plaintiff Henry Kimball in the Middle District of Louisiana. The case was transferred to this district, and Plaintiff was granted leave to proceed *in forma pauperis*. Plaintiff is an inmate in the custody of the Louisiana Department of Corrections, and he is incarcerated at the Avoyelles Correctional Center (AVC) in Cottonport, Louisiana. Plaintiff alleges that he was subjected to excessive force in violation of his constitutional rights. He named as defendants Warden Lynn Cooper, Warden Clyde Benson, Col. Blaine Villamerette, Lt. Col. James Dupas, Capt. Tiser, EMT Duplechain, Lt. Col. Kent Gremillion, Sgt. Hope, and Sgt. Beau Milligan. He seeks compensatory damages.

Plaintiff was ordered to amend his complaint to provide specific information to the Court. Plaintiff submitted an incomplete amended complaint, failing to fully respond to the memorandum order. The Court ordered Plaintiff to provide *all* information that had been requested. Plaintiff's second amended complaint was filed on September 1, 2010.

1

### Factual Allegations

Plaintiff states that on September 17, 2009, he was charged with a "Rule #10 violation" that allegedly occurred on September 15, 2009. Plaintiff was placed in administrative segregation. Plaintiff states that the defendants relied on information given by a confidential informant.

Plaintiff alleges that when he asked Defendants what evidence they had to substantiate their claim, Captain Tiser became irate, kicking Plaintiff's cell door to make it appear as though Plaintiff was causing a disturbance. Tiser left the tear, and returned with a can of chemical agent. Tiser gave Plaintiff a single direct verbal order to approach the bars to be restrained. Plaintiff "reluctantly complied." When Plaintiff stepped to the bar, Tiser sprayed Plaintiff directly in the eyes with chemical agent. Plaintiff screamed and ran to the back of the cell. Tiser ordered Plaintiff to return to the bar to be restrained. Again, Plaintiff complied; and, again, Plaintiff was sprayed with chemical agent. Finally Plaintiff laid on the floor in an attempt to catch his breath.

Warden Clyde Benson and Warden Gaspard arrived on the tier, followed by the tactical team and Sgt. Hope, the security camera operator. Plaintiff was restrained and removed from the cell. While walking up the tier, the security camera was turned off, and Plaintiff was hit in the back of the head by Lt. Col. Kent

Gremillion. Plaintiff was then placed in the shower area in restraints and sprayed again with chemical agent, again without the presence of the security camera. Eventually, Plaintiff was taken back to his cell. The tactical team entered his cell and beat him in the head and torso. When he fell to the ground, they kicked him in the ribs and stomped on his back until he could not breathe. Plaintiff alleges that he lost consciousness.

Approximately one hour after the assault, EMT Duplechain arrived, but he refused to document Plaintiff's injuries. Plaintiff was refused medical treatment on that date and every time he requested treatment thereafter.

### Law and Analysis

Plaintiff specifically alleges that the supervisors are liable for failing to protect him under the "guidelines set forth by the supervisory liability clause." Plaintiff claims that James LeBlanc, Warden Cooper, Warden Benson, Warden Gaspard, Col. Villamerette, and Lt. Col. James Dupas, Lt. Col. Gremillion, and Cpt. Tiser are all liable as supervisors. Plaintiff does not present any factual allegations involving these LeBlanc, Cooper, or Dupas.

"Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations or (ii) they implement unconstitutional policies that causally result in Plaintiff's injuries." Mouille v. City of Live

3

Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992), *cert. denied*, 508 U.S. 951 (1993). "Vicarious liability does not apply to §1983 claims." Pierce v. Texas Dept. of Crim. Justice, Inst. Div., 37 F.3d 1146, 1150 (5th Cir. 1994), *cert. denied*, 514 U.S. 1107 (1995). "Personal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983), *cert. denied*, 464 U.S. 897 (1983). Plaintiff has failed to allege facts sufficient to demonstrate either personal involvement or the implementation of unconstitutional policies by LeBlanc, Cooper, and Dupas. Plaintiff's claims against those three defendants should be dismissed.

## Conclusion

**THEREFORE, IT IS RECOMMENDED** that the claims against *ONLY Defendants LeBlanc, Cooper, and Dupas* be DENIED AND DISMISSED WITH **PREJUDICE** as frivolous or failing to state a claim for which relief can be granted. Service of process has been ordered on all other defendants.

**Under the provisions of Title 28, Section 636(b)(1)(c) of the United States Code and Federal Rule of Civil Procedure 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.**

4

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this _____ day of _____, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE