RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 12/15/11
       /s/ JDB

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| HENRY KIMBALL,<br>      Plaintiff | CIVIL ACTION<br>SECTION "P"<br>1:10-CV-00688 |
| VERSUS | |
| CAPTAIN TISER, et al.,<br>      Defendants | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a verified civil rights complaint filed pursuant to 42 U.S.C. § 1983, in forma pauperis, by pro se plaintiff Henry Kimball ("Kimball") on April 23, 2010,[1] and amended on July 14, 2010 (Doc. 12), August 9, 2010 (Doc. 17), and September 1, 2010 (Doc. 19). The named defendants are Warden Lynn Cooper, warden of the Avoyelles Correctional Center ("ACC") in Cottonport, Louisiana, and several corrections officers employed at ACC-Warden Clyde Benson, Colonel Blaine Villamerette, Lt. Colonel James Dupas, Lt. Colonel (now Major) Kent Gremillion, Capt. Tiser, EMT/Lt. Emmett Duplechain, Sgt. Hope, Sgt. Beau Milligan, Blaine Lachney

---

[1] Kimball originally filed his complaint in the Middle District of Louisiana, and it was transferred to the Western District of Louisiana on April 26, 2010 (Doc. 4).

(Chief of Security), Col. Cooper, Col. Cazelot, and Lt. Col. James Dupas.

Kimball alleges that, on September 17, 2009, while he was incarcerated in the ACC, defendants assaulted him with a chemical agent and physically assaulted him; Kimball alleges claims for use of excessive force. For relief, Kimball asks for monetary damages, costs, attorney fees, medical care, and injunctive relief. Kimball is currently incarcerated in the ACC.

Defendants answered the complaint (Docs. 28, 37). Kimball then filed a motion to voluntarily dismiss defendants Col. Cooper, Lt. Col. Cazelot, and Warden Gaspard (Doc. 42), which was granted (Doc. 48).

The remaining defendants filed a motion to dismiss for failure to state a claim on which relief can be granted, pursuant to Fed.R.Civ.P. rule 12(b)(6) (Doc. 54), to which Kimball has filed a brief in opposition (Doc. 56). Defendants' motion to dismiss is now before the court for disposition.

### Kimball's Allegations

Kimball alleges that, on September 17, 2009, while he was incarcerated in the ACC, a false disciplinary report was filed against him, Capt. Tiser "assaulted" him with chemical spray in his eyes four times, Lt. Col. Kent Gremillion hit Kimball in the back of the head with a can of chemical agent, Kimball was placed in the shower while in full restraints and again sprayed with the chemical

agent, then Kimball was returned to his cell, the restraints were removed, and the defendants physically assaulted and battered Kimball until he briefly lost consciousness (Doc. 19). Kimball alleges that, one hour later, EMT Duplechain arrived and refused to document Kimball's injuries (Doc. 19). Kimball contends he never received medical care despite pain in his ribs and lower back and difficulty breathing.

## Law and Analysis

### Motion to Dismiss

A motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's right to relief based upon those facts. <u>Crowe v. Henry</u>, 43 F.3d 198, 203 (5th Cir. 1995). In particular, a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. <u>Hirras v. National Railroad Passenger Corp.</u>, 10 F.3d 1142, 1144 (5th Cir. 1994), vacated on other grounds, 512 U.S. 1231, 114 S.Ct. 2732 (1994); <u>Doe</u>, 753 F.2d at 1102. For the purposes of a motion to dismiss for failure to state a claim upon which relief can be granted, the factual allegations of the complaint must be taken as true, and any ambiguities must be resolved in favor of the pleader. <u>Doe v. U.S. Dept. of Justice</u>, 753 F.2d 1092, 1101 (D.C.Cir. 1985). It is presumed that general allegations embrace

the specific facts that are necessary to support the claim. National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 114 S.Ct. 798, 803 (1994), citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 112 S.Ct. 2130, 2137 (1992).

Sovereign Immunity

First, defendants contend they are entitled to sovereign immunity in their official capacities.

The Eleventh Amendment bars suit against a state official when the state is the real substantial party in interest. The general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter. And, as when the State itself is named as the defendant, a suit against state officials that is in fact a suit against a State is barred regardless of whether it seeks damages or injunctive relief. Aguilar v. Texas Dept. of Criminal Justice. 160 F.3d 1052, 1054 (5th Cir. 1998), cert. den., 528 U.S. 851, 120 S.Ct. 130 (1999). Neither a state nor its officers acting in their official capacities are "persons" under §1983. Hafer v. Melo, 502 U.S. 21, 112 S.Ct. 258, 362 (1991). However, in Ex Parte Young, 209 U.S. 123, 28 S.Ct. 441 (1908), the Supreme Court created an exception to the Eleventh Amendment. To meet te Ex Parte Young exception, a plaintiff's suit alleging a violation of federal law must be brought against individual persons in their official capacities as agents of the state, and the relief sought must be

declaratory or injunctive in nature and prospective in effect. Aguilar, 160 F.3d at 1054. Also, Mayfield v. Texas Dept. of Criminal Justice, 529 F.3d 599, 604-605 (5th Cir. 2008).

Defendants are entitled to sovereign immunity in their official capacities from Kimball's suit for monetary damages, but are not likewise immune in their official capacities from Kimball's suit for injunctive relief. Therefore, defendants' motion to dismiss Kimball's suit against them in their official capacities, for monetary damages, should be granted, but denied as to his claims against defendants in their official capacities for injunctive relief.

Failure to State a Claim

Defendants also contend Kimball has failed to state a Section 1983 claim for use of excessive force on which relief can be granted, and allege they are entitled to qualified immunity.

The defense of qualified immunity may be considered on a motion to dismiss. In order to survive a motion to dismiss, a plaintiff's allegations must portray an objectively unreasonable violation of a clearly established right. Warnock v. Pecos Cty., 116 F.3d 776, 779 (5th Cir. 1997), citing Seigert v. Gilley, 500 U.S. 226, 231, 111 S.Ct. 1789, 1793 (1991).

The first inquiry a court must undertake in a qualified immunity analysis is whether plaintiff's allegations, if true, establish a constitutional violation. Hope v. Pelzer, 536 U.S.

5

730, 122 S.Ct. 2508, 2513 (2002). If it is established that the defendants participated in constitutionally impermissible conduct, the defendants may nevertheless be shielded from liability for civil damages if their actions did not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Hope, 122 S.Ct. at 2515. For a constitutional right to be clearly established, its contours must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. In the light of pre-existing law, the unlawfulness must be apparent. However, officials can be on notice that their conduct violates established law even in novel factual circumstances. The salient question the court must ask is whether the state of the law at the time of the alleged incident gave the officers fair warning that their alleged conduct was unconstitutional. Hope, 122 S.Ct. at 2516.

Thus, if the pleadings on their face show an unreasonable violation of a clearly establish constitutional right, the defense of qualified immunity will not sustain a motion to dismiss under Rule 12(b)(6). Shipp v. McMahon, 234 F.3d 907, 911-912 (5th Cir.), cert. den., 532 U.S. 1052, 121 S.Ct. 2193 (2001). Also, Woods, 60 F.3d at 1164. In other words, the threshold question is whether the facts alleged, taken in the light most favorable to the party asserting the injury, show that the official's conduct violated a constitutional right. Keenan v. Tejada, 290 F.3d 252, 261 (5th Cir.

2002), citing <u>Saucier v. Katz</u>, 533 U.S. 194, 121 S.Ct. 2151 (2001).

In the case at bar, Kimball alleges defendants used excessive force against him through use of a chemical agent and by direct physical assault. To prevail on an eighth amendment excessive force claim, a plaintiff must establish that force was not applied in a good faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm, and that he suffered an injury. <u>Eason v. Holt</u>, 73 F.3d 600, 602 (5th Cir. 1996).

In determining the subjective intent of the officer, the trier of fact must base its determination on relevant subjective factors suggestive of intent. Some of the pertinent factors are the extent of the injury suffered, the need for the application of force, the relationship between the need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of the forceful response. <u>Bender v. Brumley</u>, 1 F.3d 271, 278 (5th Cir. 1993), quoting <u>Hudson v. McMillian</u>, 962 F.2d 522, 523 (5th Cir. 1992). A convict, or a pretrial detainee, need not demonstrate significant injury where the force used was malicious and wanton. The core judicial inquiry is whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. <u>Bender</u>, 1 F.3d at 278, n. 6, quoting <u>Hudson v. McMillian</u>, 503 U.S. 1, 112 S.Ct. 995, 999 (1992). Also, <u>Wilkins v. Gaddy</u>, 130 S.Ct. 1175, 1178-1179 (U.S. 2010).

Clearly, Kimball's right to be free from the use of excessive force was well established in 2009. Therefore, Kimball has met the first prong of the qualified immunity inquiry.

The management by a few guards of large numbers of prisoners, not usually the most gentle or tractable of men and women, may require and justify the occasional use of a degree of intentional force. Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights. In determining whether the constitutional line has been crossed, a court must look to such factors as the need for the application of force, the relationship between the need and the amount of force that was used, the extent of injury inflicted, and whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm. LeBlanc v. Foti, 487 F. Supp. 272, 275 (E.D.La. 1980), citing Johnson v. Glick, 481 F.2d 1028 (2d Cir. 1973), cert. den., 414 U.S. 1033, 94 S.Ct. 462 (1973).

Defendants claim Kimball cannot show he suffered a physical injury, therefore he cannot prove defendants used excessive force against him. The law of the Fifth Circuit is that to support an Eighth Amendment excessive force claim a prisoner must have suffered, from the excessive force, a more than de minimis physical injury, but there is no categorical requirement that the physical

8

injury be significant, serious, or more than minor. Gomez v. Chandler, 163 F.3d 921, 924 (5th Cir. 1999). However, the Eighth Amendment's prohibition of cruel and unusual punishment excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind. The absence of serious injury, while relevant to the inquiry, does not preclude relief. Siglar v. Hightower, 112 F.3d 191, 193-94 (5th Cir. 1997).

Kimball alleges in his complaint that the EMT, defendant Duplechain, did not examine him, treat him, or make a report of his injuries, but alleges that he was maced, he was beaten and injured in his ribs and lower back which caused difficulty breathing, and he still has pain in his ribs and back. Therefore, Kimball contends there is no medical evidence to prove he was injured. However, medical reports are not the only method to prove a physical injury occurred. In this instance, for purposes of defendants' motion to dismiss, the court must accept Kimball's allegations as true and assume the general allegations encompass the specific facts necessary to prove his claims.

Therefore, assuming for purposes of this motion that Kimball sustained more than de minimis injuries as a result of defendants' use of excessive force, Kimball has stated a claim against defendants for use of excessive force and defendants' motion to dismiss should be denied.

9

<u>Conclusion</u>

Based on the foregoing discussion, IT IS RECOMMENDED that defendants' motion to dismiss (Doc. 54) Kimball's claims against them in their official capacities for monetary damages be GRANTED.

IT IS FURTHER RECOMMENDED that defendants' motion to dismiss (Doc. 54) Kimball's claims against them in their official capacities for injunctive relief be DENIED.

IT IS FURTHER RECOMMENDED that defendants' motion to dismiss (Doc. 54) Kimball's claims against them in their individual capacities for failure to state a claim for use of excessive force be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR,**

FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 13th day of December, 2011.

                                              JAMES D. KIRK
                                   UNITED STATES MAGISTRATE JUDGE